IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ANDERSON and MAYUKA SHIBATA,<br><br>  Plaintiffs,<br><br> v.<br><br>WELLS FARGO BANK, N.A. and DOES 1-50, inclusive,<br><br>  Defendants. | No. C 15-04683 JSW<br><br>**ORDER GRANTING MOTION TO DISMISS PORTIONS OF SECOND AMENDED COMPLAINT** |

Now before the Court is the motion filed by Defendant Wells Fargo Bank, N.A. ("Wells Fargo") to dismiss certain claims of the Second Amended Complaint ("SAC") filed by Plaintiffs William Anderson ("Anderson") and Mayuka Shibata ("Shibata") (collectively "Plaintiffs"). The motion is fully briefed and ripe for decision. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and finds this matter suitable for disposition without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b). Accordingly, the hearing set for April 29, 2016 is VACATED. The Court GRANTS Wells Fargo's motion to dismiss without leave to amend. The case management conference is CONTINUED to April 29, 2016 at 11:00 a.m. The motion by Plaintiffs' counsel to appear by telephone is DENIED. It is both moot and counsel is not identified as lead counsel on the case. The motion by Wells Fargo's counsel is DENIED as moot. The parties shall file an amended joint case management statement by no later than April 22, 2016.

**BACKGROUND**

This action related to three home loans that Anderson and/or his spouse, Shibata, have with Wells Fargo for properties in Santa Rosa, California.

In May 2002, Anderson obtained a $369,000 home loan from Wells Fargo's predecessor, World Savings Bank, FSB ("World Savings"). (*See* SAC ¶ 26.) The $369,000 loan was memorialized in a promissory note and secured by a deed of trust recorded against 3755 Paxton Place, Santa Rosa, California 95404. (*Id.*; *see also* RJN Ex. F.)

In December 2002, Anderson obtained a $380,900 home loan from World Savings with which he purchased a neighboring property. (*Id.*) The $380,900 loan was memorialized in a promissory note and secured by a deed of trust recorded against 3747 Paxton Place, Santa Rosa, California 95404. (*Id.*; *see also* RJN Ex. G.)

In January 2007, Shibata obtained a $550,000 refinance loan from World Saving. (SAC ¶ 10.) The $550,000 loan was memorialized in a promissory note and secured by a deed of trust recorded against 3715 Paxton Place, Santa Rosa, California 95404, now Plaintiffs' primary residence. (*Id.* at ¶¶ 10-11; *see also* RJN Ex. H.)

On February 24, 2014, a notice of default was entered against Shibata relating to the property at 3715 Paxton Place for purportedly failing to pay monthly mortgage payments beginning November 15, 2011 and reflecting a loan arrearage in the amount of $81,099.21 at the time of filing of the default. (*See* RJN Ex. I.)

According to the second amended complaint, although Plaintiffs currently reside at the 3715 Paxton Place property, they had previously rented the property until 2013 when they evicted their tenant. (*See* SAC ¶ 11.) Upon eviction, Plaintiffs "learned that the property had been damaged by the prior tenant and was in need of repair," and they "filed an insurance claim with Farmer's Insurance ("Farmer's") and would eventually complete the repairs using their own personal resources." (*Id.* ¶ 12.) In January 2015, Farmer's sent the insurance claim check for repairs to Plaintiffs for approximately $30,000, made payable both to Plaintiffs and to Wells Fargo under the policy protecting the property. (*Id.* at ¶13.) Wells Fargo indicated that Plaintiffs would need to provide documentation for the repairs before disbursing the insurance proceeds. (*Id.* at ¶¶ 18-20.)

2

Plaintiffs allege that they completed the repairs "personally and using their own resources," and were therefore "unable to produce contracts and proof of payment pursuant thereto." (*Id.* at ¶¶ 12, 20, 22-25.) Plaintiffs allege that Wells Fargo's requirement to produce documentation of the repairs is "clearly inapplicable to [Shibata], given that Plaintiff and her husband had completed the repairs personally and using their own resources." (*Id.* at ¶ 19.) Plaintiffs allege that despite the fact that the property has passed inspection twice for the repairs done, Wells Fargo "continues to demand that Plaintiff produce non-existent contracts in order to obtain the insurance funds they are entitled to." (*Id.* at ¶ 22.)

Based on these and other allegations, Plaintiffs assert claims against Wells Fargo for: (1) conversion; (2) and (3) breach of the implied covenant of good faith and fair dealing (separate claims for 3747 and 3755 Paxton Place properties); (4) violation of Civil Code section 2954; and (5) violations of California Business and Professions Code section 17200 *et seq*. On December 22, 2015, Wells Fargo moved to dismiss the amended complaint.

Defendants moved to dismiss claims from the first amended complaint and the Court granted the motion with leave to amend. In response, Plaintiffs have filed a second amended complaint, changing little and omitting the previously dismissed claim for breach of contract.

The Court shall address additional facts as necessary to its analysis in the remainder of this Order.

## ANALYSIS

**A.    Legal Standard on Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the complaint fails to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleadings standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g. Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Lieche, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice may be considered on a motion to dismiss. In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). The Court may take judicial notice of the existence of the notice of default as a matter of public record, but may not take judicial notice of a fact contained in the filing if that fact is "subject to reasonable dispute." *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001).

**B.      The Court Grants Wells Fargo's Request for Judicial Notice.**

Wells Fargo requests that judicial notice be taken of documents related to its own corporate existence as well as the relevant deeds of trust on Plaintiffs' properties and the notice of default on the 3715 Paxton Place property. Plaintiffs do not oppose Wells Fargo's request for judicial notice of these documents. These documents are proper for judicial notice because they are public records and government documents generally considered not to be subject to reasonable dispute. *See Hite v. Wachovia Mortgage*, 2010 U.S. Dist. LEXIS 57732, at *7 (E.D. Cal. June 10, 2010) (taking judicial notice of these documents); *see also Gens v. Wachovia Mortgage Corp.*, 2010 U.S. Dist. LEXIS 54932, at *2 (N.D. Cal. May 12, 2010) (taking judicial notice of a letter issued by OTS confirming World Savings' request to change its name to Wachovia); *Ibarra v. Loan City*, 2010 U.S. Dist.

4

LEXIS 6583, at *3 (S.D. Cal. Jan. 27, 2010) (taking judicial notice of documents related to defendant's status as an operating subsidiary of a federal savings association). Therefore, the Court GRANTS Wells Fargo's request for judicial notice.

### C. First Claim for Conversion.

Plaintiffs allege a claim against Wells Fargo for conversion based on the allegation that Wells Fargo's retention of the insurance proceeds is unlawful.

"The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Burlesci v. Petersen*, 68 Cal. App. 4th 1062, 1066 (1998). Only personal property and not real property can be converted. *Munger v. Moore*, 11 Cal. App. 3d 1, 7 (1970). When a plaintiff alleges the defendant converted money, the plaintiff must specifically identify the sum of money converted, and allege that he had a right to possess it when the defendant converted it. *See Haigler v. Donnelly*, 117 P.2d 331, 335 (Cal. 1941); *Baxter v. King*, 253 P. 172, 172 (Cal. 1927).

Again in the second amended complaint, Plaintiffs fail to state a claim for conversion because they do not sufficiently allege any of the elements of the claim. As the Court previously found in its original order granting dismissal of the breach of contract claim, the allegations in the complaint do not amount to a breach of the terms of the contract which grants Wells Fargo discretion on reimbursement of insurance proceeds. Plaintiffs fail to allege facts to support the contention that Plaintiffs have a right to possession of the insurance funds held by Wells Fargo, pending documentation designed to prevent insurance fraud. Further, Plaintiffs specifically allege that the check for insurance proceeds was made out to both Plaintiffs and Wells Fargo and therefore do not contend that the proceeds are Plaintiffs' exclusive property. (*See* SAC ¶¶ 13, 48.) Lastly, there is no allegation that Wells Fargo has converted or disposed of the proceeds; rather, the allegations still indicate that Wells Fargo refuses to endorse the check, holds the insurance proceeds in a suspense account, and refuses to release the funds lacking proof that Plaintiffs paid for construction repairs. (*See id.* at ¶¶ 46-48, 52-53.)

Accordingly, the claim for conversion fails and the Court GRANTS Wells Fargo's motion to dismiss the first cause of action. Because the Court previously gave Plaintiffs an opportunity to

amend their claim for conversion to set forth the elements of the claim, and because Plaintiffs were unable to do so, the Court now dismisses this claim without leave to amend.

### D. Second and Third Claims for Breach of the Implied Covenant of Good Faith and Fair Dealing.

Plaintiffs do not contest and the Court finds that Shibata does not have standing to allege a cause of action for breach of the implied covenant of good faith and fair dealing for the 3747 and 3755 Paxton Place properties as she was not a signatory to the loans on those properties. Only Anderson has standing to pursue both implied covenant claims.

### E. Fifth Claim for Violation of Business & Professions Code Section 17200.

The derivative fifth claim for relief for unfair competition is entirely dependant upon Plaintiffs' first claim for conversion. *See, e.g., Rubin v. Wal-Mart Stores, Inc.*, 599 F. Supp. 2d 1176, 1179 (N.D. Cal. 2009). As the Court has dismissed Plaintiffs' claim for conversion without leave to amend, the unfair competition claim is dismissed as well without leave to amend.

## CONCLUSION

For the foregoing reasons, Wells Fargo's motion to dismiss claims from the Second Amended Complaint is GRANTED without leave to amend. The case management conference shall be continued to April 29, 2016 at 11:00 a.m. The parties shall file an amended joint case management statement by no later than April 22, 2016.

**IT IS SO ORDERED.**

Dated: April 13, 2016

JEFFREY S. WHITE  
UNITED STATES DISTRICT JUDGE